# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **Mary Peoples**<br>**901 Blanding Avenue**<br>**Akron, Ohio 44310**<br><br>**Plaintiff,**<br>v.<br><br>**Northstar Location Services, LLC**<br>**4285 Genesee Street**<br>**Cheektowaga, NY 14225**<br><br>and<br><br>**JOHN AND JANE DOES 1-10**<br><br>**Defendants.** | CASE NO.: _____<br><br>JUDGE<br><br><u>COMPLAINT</u><br><br>A Trial by the Maximum Number of Jurors is hereby Demanded |

Here comes Plaintiff, Mary Peoples, and sets forth a *Complaint* against Defendant Northstar Location Services, LLC and Defendants John and Jane Does 1 – 10 as follows:

## <u>JURISDICTION</u>

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA"), in their illegal efforts to collect a consumer debt.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

3. Plaintiff, Mary Peoples (hereafter "Plaintiff"), is an adult individual whose residence is in Akron, Ohio, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

4. Defendant, Northstar Location Services, LLC ("Northstar"), is a New York business entity with an address of 4285 Genesee Street , Cheektowaga, New York 14225, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

5. Defendants John and Jane Does 1 - 10 (together with Northstar, the "Defendants") are the individual collectors for Northstar, but whose names are unknown. The Complaint will be amended to add their names when they are determined through discovery.

6. Northstar at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A. The Debt**

7. A financial obligation (the "Debt") was allegedly incurred to an original creditor (the "Creditor").

8. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes, which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

9. The Debt was purchased, assigned or transferred to Northstar for collection, or Northstar was employed by the Creditor to collect the Debt.

10. Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

B. **Northstar Engages in Harassment and Abusive Tactics**

11.     In or around January 2014, Northstar contacted Plaintiff in an attempt to collect the Debt, which is allegedly owed by Plaintiff's adult son (the "Debtor").

12.     Plaintiff advised Northstar that the Debtor did not reside with her and demanded that the calls to her telephone number cease.

13.     Nonetheless, Northstar continued to call Plaintiff in an attempt to collect the Debt.

C. **Plaintiff Suffered Actual Damages**

14.     Plaintiff has suffered and continues to suffer actual damages as a result of Defendants' unlawful conduct.

15.     As a direct consequence of Defendants' acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

### COUNT I
### (Violations of the Fair Debt Collections Practices Act)
### (15 U.S.C. § 1692, et seq.)

16.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

17.     Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with collection of the Debt, in violation of 15 U.S.C. § 1692d.

18.     Defendants caused a phone to ring repeatedly and engaged Plaintiff in telephone conversations with the intent to annoy and harass Plaintiff, in violation of 15 U.S.C. § 1692d(5).

19.     Defendants used unfair and unconscionable means to collect the Debt, in violation of 15 U.S.C. § 1692f.

20. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA.

21. Plaintiff is entitled to damages as a result of Defendants' violations.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

4. Punitive damages; and

5. Such other and further relief as this Court may determine to be just and proper.

Dated: June 4, 2014

Respectfully submitted,

By: /s/ *Sergei Lemberg*

Sergei Lemberg, Esq.
LEMBERG & ASSOCIATES, L.L.C.
A Connecticut Law Firm
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
Email: slemberg@lemberglaw.com
Attorneys for Plaintiff:
Mary Peoples

## JURY DEMAND

Plaintiff hereby makes a demand for trial by the maximum number of jurors allowed by law, on all triable issues.

       /s/ *Sergei Lemberg*
    Sergei Lemberg, Esq.